FILED
2006 May-18 AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRIS THOMAS | § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO.: |
| v. | § § | |
| WAFFLE HOUSE # 346, and WAFFLE HOUSE INC., | § § § | JURY DEMAND |
| Defendant. | § § | |

## COMPLAINT

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343 and 28 U.S.C. § 2201 and 2202. This is a suit authorized and instituted pursuant to the Act of Congress known as the "Civil Rights Act of 1866," 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 1981, providing relief against racial discrimination or segregation in places of public accommodation.

### II. Parties

2. Plaintiff, Chris Thomas, is an African-American citizen of the United States and is a resident of Maylene, Alabama.

3. Defendant, Waffle House #346, and Waffle House, Inc., is a corporation doing business in Alabaster, Alabama and is a place of public accommodation for dining purposes.

### III. Statement of Claims

### COUNT ONE

4. Plaintiff realleges and incorporates paragraphs one (1) through three (3) as if fully set forth herein.

5. On or about May 15, 2004, Plaintiff and another African American gentleman entered Defendant's restaurant for breakfast.

6. Plaintiff asked a waitress if the restaurant was still taking checks, and with the managers approval, the waitress informed Plaintiff that no checks were accepted.

7. Plaintiff avers that as a result of being informed that the restaurant no longer accepted checks, he left the restaurant and went to obtain cash to pay for his accommodation.

8. Plaintiff avers that while he was present in the restaurant he observed the Defendant accept a check from a white customer.

9. Plaintiff avers that the Defendant had a pattern and practice of refusing to accept checks from African American customers while accepting checks from white customers.

10. Defendant has denied Plaintiff the right to make and enforce contracts on the same basis as white citizens and denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the restaurant on the basis of his race.

11. Plaintiff avers that the discriminatory practices described herein were carried out at the direction of and with the consent, encouragement, knowledge, and ratification of the Defendant, under the Defendant's authority, control and supervision, and within the scope of the employee's employment.

12. Defendant's actions were undertaken intentionally and purposefully, with racially discriminatory animus, for the purpose of denying Plaintiff equal treatment on the basis of race. Defendant acted maliciously, in bad faith, and with willful, callous, wanton and reckless disregard for Plaintiff's federally-protected rights.

13. As a proximate result of the actions of the Defendant, Plaintiff has suffered, and continues to suffer, irreparable loss and injury as a result of Defendant's actions unless enjoined by this Court.

14. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for injunctive and declaratory relief, and mental anguish, compensatory and punitive damages is his only means of receiving adequate relief.

15. Plaintiff avers that as a consequence of the Defendant's illegal discrimination, Plaintiff has suffered mental anguish, and other damages.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court assume jurisdiction of this case and award Plaintiff the following relief:

1) Grant Plaintiff an Order requiring Defendant to make Plaintiff whole by granting appropriate declaratory relief, compensatory damages, punitive damages and damages for mental anguish and emotional distress.

2) Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with thereof from continuing to violate 42 U.S.C. § 1981.

3) Plaintiff prays for such other, further, or different relief justice may require.

Respectfully submitted,

CYNTHIA FORMAN WILKINSON
State Bar ID No: ASB-9950-L68C
Attorney for Plaintiff

OF COUNSEL:
**WILKINSON LAW FIRM, PC**
New South Federal Bank Building; Suite 811
215 Richard Arrington Jr. Blvd.
Birmingham, Alabama 35203
Tel.: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonefile@bellsouth.net

### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

_/s/_
OF COUNSEL

### PLAINTIFF'S ADDRESS:
Mr. Chris Thomas
c/o Wilkinson Law Firm
811 New South Savings Building
215 Richard Arrington Jr. Blvd, North
Birmingham, Alabama 35203

### DEFENDANTS' ADDRESS:
Waffle House # 346
104 1st St. S
Alabaster, AL 35007-8921

Waffle House, Inc.
c/o National Registered Agents Inc
150 South Perry Street
Montgomery, Al 36104